Eastern District of Kentucky
F I L E D

MAY 1 9 2022

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

**UNITED STATES OF AMERICA**

**V.**                                          **INDICTMENT NO.** 22-58-DCR

**CHRISTOPHER CUSTER**
   **aka RUSTY CUSTER**

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

## BACKGROUND

1.    At all relevant times, **CHRISTOPHER CUSTER** was a resident of Fayette County, in the Eastern District of Kentucky.

2.    At all relevant times, Traditional Bank was a financial institution insured by the Federal Deposit Insurance Corporation, with an office in the Eastern District of Kentucky.

3.    In 2018, **CUSTER**, who falsely purported to be a U.S. Navy Seal to loan officers, obtained a loan from Traditional Bank for the purchase of a home and land to be used for an equine business. In 2019, **CUSTER** obtained a second loan again for the stated purpose of supporting his equine farming operation. As described further in Counts 1 and 2, he made material misrepresentations about his finances, character, and personal history in order to obtain these two loans from Traditional Bank.

4.     In 2019, **CUSTER** met P.H. in the Eastern District of Kentucky.  As described further in Counts 3 and 4, **CUSTER** made material misrepresentations about his financial wealth in order to obtain a personal loan from P.H. for the purpose of supporting an oil and gas pipeline inspection business.

### COUNTS 1-2
### 18 U.S.C. § 1344

5.     Paragraphs 1 through 3 are re-alleged and incorporated by reference as if fully set forth herein.

6.     In or about April 2018, and continuing through August 2019, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

### CHRISTOPHER CUSTER,
### aka RUSTY CUSTER,

did knowingly execute and attempt to execute a scheme and artifice to obtain moneys or funds under the custody or control of Traditional Bank, a federally insured financial institution, by means of materially false and fraudulent pretenses, representations, and promises.   Specifically, on or about the dates listed below and in order to execute this scheme, **CUSTER**, with the intent to defraud Traditional Bank:

| Count | Date | Description of Conduct |
|---|---|---|
| 1 | May 23, 2018 | Submitted to Traditional Bank as part of a $1,320,000 loan application process, a personal financial statement that falsely and materially misrepresented his financial condition |
| 2 | August 12, 2019 | Applied for a second commercial loan for $252,697, continuing to conceal the truth about the misrepresentations contained within his personal financial statement. |

All in violation of Title 18, United States Code, Section 1344(2).

### COUNTS 3-4
**18 U.S.C. § 1343**

7.    Paragraphs 1, 2, and 4 are re-alleged and incorporated by reference as if fully set forth herein.

8.    From on or about November 4, 2019, and continuing until December 31, 2019, in Fayette County, in the Eastern District of Kentucky and elsewhere,

**CHRISTOPHER CUSTER,
aka RUSTY CUSTER,**

devised and intended to devise a scheme to defraud P.H., and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

**MANNER AND MEANS**

9.    It was part of the scheme that **CUSTER** misrepresented his financial condition by submitting false documentation that inflated his wealth to P.H., for the purpose of securing a loan.

10.    On or about each of the dates listed below, in Fayette County, in the Eastern District of Kentucky and elsewhere,

**CHRISTOPHER CUSTER,
aka RUSTY CUSTER,**

for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date | Description of Conduct |
|-------|------|------------------------|
| 3 | November 4, 2019 | Email to P.H. a Vanguard Account Statement brokerage account that falsely stated **CUSTER's** current account balances |
| 4 | November 6, 2019 | Email to P.H. and his attorney a personal financial statement that falsely stated the value of **CUSTER's** assets |

All in violation of Title 18, United States Code, Section 1343.

### FORFEITURE ALLEGATION
### 18 U.S.C. § 982(a)(2)(A)

1.      The allegations contained in Paragraphs 1-10 of this Indictment are hereby realleged and incorporated by reference for the purpose of proposing the forfeiture allegation pursuant to 18 U.S.C. § 982(a)(2).

2.      Upon conviction of the offenses in Counts 1-4 of this Indictment,

**CHRISTOPHER CUSTER, aka RUSTY CUSTER,** shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(2)(a), any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of the violations, including but not limited to the following:

### MONEY JUDGMENT:

A forfeiture money judgment in the amount of $1,572,697.00, which represents the amount of proceeds that the Defendant obtained as a result of the violations alleged in this Indictment.

5.      If any of the property described above, as a result of any act or omission of the defendants:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 18 U.S.C. § 982(b)(1).

By virtue of the commission of the felony offenses charged in this Indictment, any and all interest **CHRISTOPHER CUSTER** has in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 982(a)(2)(A).

**A TRUE BILL**

**FOREPERSON**

**CARLTON S. SHIER, IV**
**UNITED STATES ATTORNEY**

## **PENALTIES**

**COUNTS 1-2:**    Imprisonment for not more than 30 years, fine of not more than $1,000,000 or twice amount of loss, and supervised release for not more than 5 years.

**COUNTS 3-4:**    Imprisonment for not more than 20 years, fine of not more than $250,000 or twice amount of loss, and supervised release for not more than 3 years.

**PLUS:**    Forfeiture of all listed property.

**PLUS:**    Mandatory special assessment of $100 per count.

**PLUS:**    Restitution, if applicable.