Eastern District of Kentucky
F I L E D
OCT 3 1 2022
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:22-58-DCR

UNITED STATES OF AMERICA                                                              PLAINTIFF

V.                                          PLEA AGREEMENT

CHRISTOPHER CUSTER                                                                     DEFENDANT
   aka RUSTY CUSTER

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 1344, Bank Fraud. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 2 through 4.

   2. The essential elements of Count 1 are:

   (a) That the Defendant knowingly executed a scheme to obtain money, funds, or other property owned by or under the control of Traditional Bank by means of materially false or fraudulent pretenses or representations;

   (b) That the Defendant did so with the intent to obtain Traditional Bank property; and

   (c) That Traditional Bank was then insured by the Federal Deposit Insurance Corporation ("FDIC").

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) Defendant CUSTER applied for a $1,320,000 commercial loan from Traditional Bank, a FDIC-insured financial institution, in 2018, for the purpose of purchasing a home and significant acreage to be used for an equine business.

(b) Before and during the origination process for this loan, CUSTER made material misrepresentations intending to influence Traditional Bank loan officers into loaning him the money. These included:
   a. On May 23, 2018, CUSTER provided a false personal financial statement to Traditional Bank listing the value of his retirement plans at $6,441,938. He provided false account statements from Vanguard to the bank to support the claimed balance. Vanguard records actually showed CUSTER held a joint brokerage account with his wife, which was closed in February of 2016, with a closing balance of $100.06.
   b. The same personal financial statement provided valuations of his assets, many of which were falsely inflated. For example, CUSTER falsely listed the values of his household goods and jewelry as $240,000 and $65,000, respectively, on his personal financial statement. In bankruptcy proceedings, CUSTER listed the values of his household goods and jewelry as $20,000 and $3,000, respectively, and conceded nothing had changed about those goods from the time of the loan origination to the time of the bankruptcy proceeding.
   c. CUSTER falsely informed a Traditional Bank commercial loan officer that he was a former U.S. Navy Seal.

(d) In August of 2019, CUSTER applied for and received a second loan in the amount of $252,697 from Traditional Bank, based on the same misrepresentations outlined above.

(e) In the course of obtaining a personal loan from P.H. in the amount of $75,000, CUSTER also provided P.H. a personal financial statement via email, which contained numerous misrepresentations, including falsely inflating the value of his household goods at $240,000, jewelry at $85,000, and retirement accounts at Vanguard and Wells Fargo at more than $9,500,000. He also emailed P.H. a Vanguard Account Statement indicating a balance of $9,682,424.19. As described above, these emails, constituting interstate wires, conveyed material misrepresentations designed to induce P.H. to loan CUSTER money.

3. The statutory punishment for Count 1 is imprisonment for not more than 30 years, a fine of not more than $1,000,000, and a term of supervised release of not more than 5 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

4. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

   (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2021, manual, will determine the Defendant's guidelines range.

   (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes all misrepresentations made by the Defendant with intent to induce loans from Traditional Bank and P.H.

   (c) Pursuant to U.S.S.G. § 2B1.1(a)(1), the base offense level is 7.

   (d) Pursuant to U.S.S.G. § 2B1.1(b)(1)(I), increase the offense level by 16 levels for the loss amount exceeding $1,500,000.

   (e) Pursuant to U.S.S.G. § 2B1.1(b)(17)(A), increase the offense level by 2 levels for the Defendant deriving more than $1,000,000 in gross receipts from a financial institution as a result of the offense.

   (f) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

   (g) Pursuant to U.S.S.G. § 5E1.1, restitution will be determined at sentencing, and the victim is Traditional Bank.

5. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

6. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

7. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the advisory sentencing guidelines range as determined by the Court at sentencing. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8. The United States will recommend releasing the Defendant on the current conditions for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

9. The defendant agrees that the amount of the Forfeiture Money Judgment of $309,103.36 represent the gross proceeds obtained by the defendant as a result of his violations of 18 U.S.C. §§ 1343 and 1344, and thus are forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461. The defendant consents to the entry of an Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, imposing the Forfeiture Money Judgment. All payments made by the defendant

toward the Forfeiture Money Judgment shall be made by money order, certified check and/or official bank check, payable to the "U.S. Marshals Service." The defendant shall cause said payment(s) to be sent by overnight mail delivery to Assistant United States Attorney Haley McCauley, United States Attorney's Office, Eastern District of Kentucky, 260 W. Vine Street, Lexington, KY 40507, with the criminal docket number noted on the face of the instrument. The defendant also waives all statutory deadlines, including but not limited to deadlines set forth in 18 U.S.C. § 983.

If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the date of the sentencing hearing, the defendant consents to the forfeiture of any other property of his up to the amount of the unpaid Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

The defendant agrees to fully assist the government in effectuating the payment of the Forfeiture Money Judgment, by among other things, executing any documents necessary to effectuate any transfer of title to the United States. The defendant agrees not to file a claim or petition seeking remission or contesting the forfeiture of any property against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding.

10. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or

affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

11. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for

demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 10/31/22      By: _____
                         Kathryn Dieruf

Assistant United States Attorney

Date: 10/31/22

Christopher Custer
Defendant

Date: 10/31/22

Brandi Lewis
Attorney for Defendant

8