### UNITED STATE DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISON
### AT LEXINGTON

**INDICTMENT NO. 5:22-CR-058-DCR-01**

**UNITED STATES OF AMERICA**                                     **PLAINTIFF**

**vs.**

**CHRISTOPHER CUSTER**                                          **DEFENDANT**

---

### SENTENCING MEMORANDUM

---

Comes now the Defendant, Christopher "Rusty" Custer, by and through undersigned counsel, and submits the following Sentencing Memorandum, setting forth the factors this Court should consider in determining what sentence is sufficient, but not greater than necessary, to comply with the statutory directives set out in 18 U.S.C. § 3553(a). On October 31, 2022, Christopher "Rusty" Custer pled guilty to Count One of the Indictment: Bank Fraud in violation of 18 U.S.C. § 1344. In doing so, he accepted full responsibility for his criminal conduct in the above styled action. The Presentence Investigation Report ("PSR") calculates Mr. Custer's United States Sentencing Guideline ("Guidelines") range to be 41-51 months, falling within Zone D.  Based upon the application of the factors in 18 U.S.C. § 3553(a), the undersigned respectfully requests the Court sentence Mr. Custer to a term of imprisonment at or below the low end of the guideline range. It is submitted that such sentence would achieve the statutory objectives as set out in 18 U.S.C §3553(a) and allow Mr. Custer the opportunity to return to earning an income to pay the restitution ordered herein, sooner than later.

### APPLICATION OF 18 U.S.C. § 3553(a)

Pursuant to 18 U.S.C. § 3553(a), the Court shall impose a sentence sufficient, but not greater than necessary, to comply the delineated sentencing considerations.

## A.  NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE OFFENDER

### 1.  Nature and Circumstances of the Offense

The PSR describes the nature and circumstances of the offense and the history and characteristics of Mr. Custer. However, there is more to this case than denoted in the PSR.

In March 2019, Mr. Custer and his wife were laid off from a work project. They had been earning a significant income. They expected to go back to the project in the summer of 2019 and that did not happen for a variety of different issues, including a delay in approval for required permitting. Mr. Custer immediately started looking for other project(s) and found a few prospects that would not start until late 2019 or possibly early 2020.  Before he started earning an income again, the. Custers ran through their savings to meet their financial obligations and support the family. At that time, Mr. Custer's father-in-law and mother-in-law, and brother-in-law, were residing with Mr. Custer, his wife and daughter. Mr. Custer was basically the only significant financial provider for the entire household. His brother-in-law did earn some money, but the financial load of the family fell on Mr. Custer's shoulders.

In February 2020, Mr. Custer was finally hired for several projects, in Texas. However, at that point, he was delinquent on the house payments. He tried to reach a workout with Traditional Bank to no avail. Shortly thereafter, the bank initiated foreclosure proceedings. On August 6, 2020, Mr. Custer and his wife filed for Chapter 11 bankruptcy, in an effort to reorganize the debt and pay off creditors. During the pendency of the bankruptcy, Mr. Custer made payments to Traditional Bank, and payments towards the arrears. In the end, the house was still foreclosed upon and sold. Traditional Bank is also pursuing civil remedies to cover the shortfall.

As to the victim named in Count III, of the Indictment, which is expected to be dismissed at Sentencing, Mr. Custer paid the victim back in full, plus substantial interest, in May of 2022. That victim subsequently released all claims against Mr. Custer.

### 2. The History and Characteristics of the Offender

While the PSR has covered these considerations generally, Mr. Custer wishes to offer additional detail regarding his background. Mr. Custer is a 55-year-old man who grew up in Louisiana, and now resides in Conroe, Texas, with his wife, their 18-year-old daughter, who is a senior in high school, his mother-in-law and brother-in-law. His father-in-law did live with them but has since passed away during the pendency of this case. The entire family is solely dependent upon Mr. Custer for financial support. Mrs. Custer has been a stay-at-home mom most of their daughter's life.

In November 2022, despite facing the charges before the Court, Mr. Custer obtained and has maintained gainful employment with Workrise Avery Tech Resources, as a construction coordinator. His manager is aware of this case. Mr. Custer has always been a dedicated worker and has the talent and ability to hopefully continue to earn significant income that can be used to pay towards the restitution in this case and support his family.

Mr. Custer has limited criminal history. In the 2011 case, noted in the PSR as still being open, Mr. Custer states that he did pay the restitution and fine ordered therein. Neither counsel nor US Probation could obtain proof of payment, or lack thereof, from the sentencing court. Mr. Custer also successfully completed a term of unsupervised probation in 2008, and due to that, the charge was subsequently dismissed.

To further gain a better perspective of Mr. Custer, counsel has attached various letters from family, friends, and former co-workers.  These letters illustrate that he is a caring, generous, and hard-working individual.

### B.  THE NEED FOR THE SENTENCE IMPOSED

It is a fundamental keystone of sentencing "for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States,* 128 S.Ct. 586, 598 (2007) quoting *Koon v. United States,* 518 U.S. 81, 113 (1996). Additionally, the Court has the authority to grant a downward variance by considering the factors defined in 18 U.S.C. §3553(a). Due to the following specific reasons, Mr. Custer is requesting a sentence at or below the applied guideline range, so that he may return to earning an income, sooner than later, to support his family and repay the substantial restitution herein. A sentence of that nature would be sufficient but not greater than necessary to accomplish the sentencing goals.

Turning to the 18 U.S.C. §3553(a) factors, it is readily conceded that Mr. Custer made a terrible choice to provide fraudulent information.

The seriousness of the offense, and the related factor of promoting respect for the law, must be looked at in context. An offense is considerably more serious if committed by a person with a lengthy criminal record, who lacks remorse, and who does not accept responsibility. In this case, Mr. Custer displayed his recognition of the seriousness of the offense by readily taking responsibility for his actions and his payment in full, plus interest, to one of the victims herein. This suggested sentence reflects the seriousness of the offense, promotes respect for the law, and is a just punishment.

Mr. Custer has a limited criminal record, and given what he has put his family through, especially his daughter, there is no reasonable likelihood that he will reoffend. The potential possibility thereof satisfies the specific deterrence criteria, as to Mr. Custer. A substantial prison sentence is superfluous to achieve any additional specific deterrence and would only stifle his ability to pay the restitution. General deterrence is also satisfied by the requested sentence. Mr. Custer is now a convicted felon with all the concurrent consequences. Any hardworking, gainfully employed individual, would certainly be deterred from engaging in similar conduct.

A substantial prison sentence is not necessary to protect the public from further crimes. Further, Mr. Custer has demonstrated he can follow direction of a court and will abide by any and all terms of supervision.

With respect to this possibility—that a custodial sentence is necessary to provide education and vocational, or other, correctional treatment—the Court need not be concerned. Mr. Custer is educated, has a history of being gainfully employed, and has no issues with drugs or alcohol that need to be addressed in a custodial setting.

The suggested sentence also avoids an unwarranted sentencing disparity and, again, would operate to help pay the restitution to the victim sooner than later.

## CONCLUSION

This case presents competing factors when it comes to sentencing considerations. On one hand, the fraud that Mr. Custer accepted responsibility resulted in a substantial monetary loss to the victim. On the other hand, there are many mitigating factors, such as Mr. Custer's employability, ability to earn a significant income, and a supporting family. Mr. Custer admits he made poor decisions that landed him before this Court, and he accepts that he must be punished. He is simply asking this Honorable Court to consider the previously mentioned factors and fashion a sentence that will allow him to return to employment, sooner than later, in order to repay the victim herein and support his family.

Respectfully submitted,

   /s/ Brandi N. Lewis
Brandi N. Lewis
BALDANI LAW GROUP
300 West Short Street
Lexington, KY 40507
859.259.0727
brandi@baldanilaw.com
*Counsel for Defendant Mr. Custer*

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that a true and correct copy of the foregoing has been filed via CM/ECF, which will cause notice of the same to be served upon all parties on this the 5th day of February 2023.

                                    /s/ Brandi N. Lewis
                                  Brandi N. Lewis