UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 22-058-DCR |
| ) | |
| V. ) | |
| ) | |
| CHRISTOPHER CUSTER, ) | **MEMORANDUM ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Christopher Custer pleaded guilty to two counts of bank fraud in violation of 18 U.S.C. § 1344. On February 15, 2023, he was sentenced to 41 months' imprisonment, based on a total offense level of 22 and criminal history category of I, which produced an advisory guidelines range of 41 to 50 months' imprisonment.

Amendment 821 (Part B) to the United States Sentencing Guidelines provides a two-level reduction to the base offense level for defendants, like Custer, who do not have any criminal history points and whose offense did not involve specific aggravating factors. *See* U.S.S.G. 4C1.1 (a) (Nov. 1, 2023). Pursuant to the guidelines amendment, which may apply retroactively, Custer's recalculated guidelines range is 33 to 41 months' imprisonment. *See* U.S.S.G. Ch. 5, Part A.

The Court directed the United States to respond to the questions of whether and to what extent Custer should be granted a sentence reduction based on application of Amendment 821. [Record No. 41] The United States agrees that Custer is eligible for a sentence reduction because he has zero criminal history points and his offense did not involve any of the

aggravating circumstances enumerated in § 4C1.1(a)(2)-(10).  The government maintains, however, that Custer's sentence should only be reduced by two months.

The United States contends that Custer was sentenced to the low end of his original guidelines largely due to his lack of criminal history.  Essentially, the government suggests that Custer has already received a benefit at sentencing based on his lack of criminal history and should not receive another one.  The United States also contends that the nature of Custer's offenses, which involved defrauding an individual and a regional bank for large sums of money, warrant a sentence of at least 39 months' imprisonment.

The Court is not persuaded by the government's arguments.  The defendant's crimes are undoubtedly serious.  However, as the Court noted during the sentencing hearing, there are multiple mitigating factors that weigh in the defendant's favor.  In addition to his lack of criminal history, he has a strong family support system.  Importantly, he has the capacity for employment, which is particularly notable considering the significant amount of restitution owed in this case.  As the government indicates, the need for specific deterrence is important, but the Court has previously concluded that this defendant's likelihood of recidivism is low.  The Court also is aware that the defendant has taken advantage of multiple educational courses while in Bureau of Prisons custody and has not received any disciplinary infractions.

Based on the foregoing, the Court finds that a sentence of 33 months' imprisonment is sufficient but no longer than necessary to satisfy the purposes set forth in 18 U.S.C. § 3353(a).[1]  Therefore, it is not necessary for the defendant to file a reply to the government's response.  Accordingly, it is hereby

---

[1] Defendants who are granted sentence reductions under Amendment 821 may not be released from custody earlier than February 1, 2024.

- 3 -

**ORDERED** as follows:

1. Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines, Defendant Christopher Custer's custodial sentence is **REDUCED** to a term of 33 months' imprisonment.

2. However, the defendant **may not** be released from Bureau of Prisons custody prior to **February 1, 2024**, even if the reduced sentence outlined above would otherwise provide for such release.

3. An Amended Judgment will be entered contemporaneously with this Memorandum Order.

Dated: December 1, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky